IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OWEN J. ROGAL, D.D.S., P.C. d/b/a THE PAIN CENTER<br><br>    Plaintiff,<br><br>vs.<br><br>SKILSTAF, INC.<br><br>    Defendant. | CIVIL ACTION NO.<br><br>05-6073 |

# AMENDED NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

TO THE CLERK OF THE ABOVE ENTITLED COURT AND TO PLAINTIFF

    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, et seq., defendant, SkilStaf, Inc., by and through its attorneys, hereby removes this civil action from the Philadelphia County Court of Common Pleas, Trial Division, to the United States District Court for the Eastern District of Pennsylvania, and in support thereof aver as follows:

    1.    On or about October 6, 2005, Plaintiff Owen J. Rogal, D.D.S., P.C. d/b/a The Pain Center ("Plaintiff") commenced this action against SkilStaf, Inc. in the Philadelphia County Court of Common Pleas, Trial Division, captioned Owen J. Rogal, D.D.S., P.C. d/b/a The Pain Center v. SkilStaf, Inc., Civil Action No. 001514 ("State Court Action"). A copy of the Complaint in the State Court Action is attached hereto as Exhibit 1.

    2.    Exhibit 1 constitutes a true and correct copy of all process, pleadings and orders which have been received by SkilStaf, Inc.

    3.    SkilStaf, Inc. first received the Complaint on or about October 20, 2005.

4. This action is being removed to United Stated District Court for the Eastern District of Pennsylvania, based upon federal question jurisdiction, 28 U.S.C. § 1331, under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), and upon diversity jurisdiction under 28 U.S.C. § 1332.

5. The Plaintiff's federal cause of action appears on the face of the Complaint.

6. In paragraphs 3 through 13 of the Complaint, Plaintiff claims that Dianna Berry assigned her right to benefits under the SkilStaf Group Health Plan ("Plan") to Plaintiff and that SkilStaf, Inc. wrongfully withheld benefits under the Plan.

7. The Plan is an employee benefits plan governed by ERISA. A copy of the summary plan description that describes the group health benefits provided under the Plan is attached hereto as Exhibit 2.

8. As a result, the Complaint asserts a claim arising under the laws of the United States, in particular, Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), which authorizes a plaintiff to commence an action to recover benefits due under the terms of an employee benefits plan, to enforce rights under the terms of a plan, or to clarify rights to future benefits under the terms of a plan.

9. In addition, Section 514(a) of ERISA, 29 U.S.C. 1144(a), preempts Plaintiff's state law claims against SkilStaf, Inc. which aver state law breach of contract, bad faith and deceit claims that relate to an ERISA plan.

10. Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1); and consequently, all claims are removable to this Court under 28 U.S.C. § 1441(b) and (c), and/or under the complete

preemption doctrine. *See* <u>Metropolitan Life Insurance Company v. Taylor</u>, 107 S. Ct. 1542 (1987).

11. In addition, this Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interests and costs.

12. SkilStaf, Inc. is now, and was at the time the State Court Action was filed, a corporation organized and formed under the laws of the State of Alabama, with its principal place of business located in Alexander City, Alabama. Thus, SkilStaf, Inc is now, and was at the time the State Court Action was filed, a citizen of the State of Alabama, and is not now, nor was it at the time the State Court Action was filed, a citizen of the Commonwealth of Pennsylvania.

13. Plaintiff is domiciled in and a citizen of the Commonwealth of Pennsylvania. Plaintiff is now, and was at the time the State Court Action was filed, a citizen of the Commonwealth of Pennsylvania.

14. Complete diversity of citizenship exists.

15. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, although SkilStaf, Inc. denied any liability to the Plaintiff whatsoever.

16. Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties and the amount in controversy; and consequently, all claims are removable to this Court under 28 U.S.C. § 1441.

17. As required by 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of Pennsylvania is the district court embracing the place where the State Court Action is pending.

18. This Notice of Removal is being filed under 28 U.S.C. § 1446(b) within thirty (30) days from October 20, 2005, the date on which SkilStaf, Inc. received the Complaint.

19. A copy of this Notice will be filed with the Philadelphia County Court of Common Pleas, Trial Division, as required by 28 U.S.C. § 1446(d).

WHEREFORE, the Defendant SkilStaf, Inc. respectfully removes the above captioned civil action from the Philadelphia County Court of Common Pleas, Trial Division, to the United States Court for the Eastern District of Pennsylvania, for further proceedings.

Date: November 21, 2005

/s/ Beth A. Friel
Jeanne L. Bakker, Esquire
Beth A. Friel, Esquire
Montgomery, McCracken
 Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, Pa 19109
(215) 772-1500

Attorneys for Defendant,
SkilStaf, Inc.

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Amended Notice of Removal Under 28 U.S.C. § 1441 was served on the person listed below by United States first class mail, postage prepaid on this 21st day of November, 2005:

Robert E. Cole, P.C.
Lafayette Building
437 Chestnut Street
Suite 218
Philadelphia, PA  19106

**FILED**
NOV 2 9 2005
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

/s/ Beth A. Friel
Beth A. Friel