IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OWEN J. ROGAL, D.D.S., P.C. <br> d/b/a THE PAIN CENTER <br><br>            Plaintiff, <br><br> vs. <br><br> SKILSTAF, INC. <br><br>            Defendant. | : <br> : <br> : <br> :    CIVIL ACTION NO. <br> : <br> :    05-6073 <br> : <br> : <br> : <br> : <br> : |

**DEFENDANT'S MEMORANDUM OF LAW
IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO TRANSFER VENUE**

Defendant SkilStaf, Inc. ("SkilStaf") respectfully submits this Memorandum of Law in reply to Plaintiff's opposition to SkilStaf's Motion to Transfer Venue, pursuant to 28 U.S.C. § 1404(a).

I. **ARGUMENT**

     A. **SKILSTAF SEEKS TRANSFER BASED ON "INCONVENIENT FORUM," NOT "IMPROPER VENUE."**

In his response to SkilStaf's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404, Plaintiff, Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, erroneously contends that SkilStaf raised the issue of *forum non conveniens* in SkilStaf's Motion to Dismiss, and then later withdrew that argument. However, in its Motion to Dismiss, SkilStaf originally sought dismissal for "improper venue" under Fed. R. Civ. Pro. 12(b)(3) based on the venue provision in ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2). SkilStaf subsequently withdrew that argument because

SkilStaf discovered that it had recently registered as a foreign corporation with the Pennsylvania Secretary of State.

Consequently, SkilStaf acknowledges that venue is proper in this District and that it "may be found" in this District for purposes of personal jurisdiction. In its Motion to Transfer, however, SkilStaf seeks transfer of this matter to the United States District Court for the Middle District of Alabama because this is an "inconvenient forum" under 28 U.S.C. § 1404, not because this District is "improper venue." As the Third Circuit stated in *Jumara v. State Farm Insurance Co.,* 55 F.3d 873, 878 (3d Cir. 1995), "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper."

### B. THE EXCLUSIVE VENUE SECTION CLAUSE IN THE SKILSTAF GROUP HEALTH PLAN WEIGHS IN FAVOR OF TRANSFER.

The exclusive venue selection clause in the SkilStaf, Inc. Group Health Plan ("Plan") should be given substantial weight in the multi-factor balancing test required under 28 U.S.C. § 1404(a). *Jumara,* 55 F.3d at 875.

Plaintiff attempts to diminish the importance of the Plan's exclusive venue selection clause in the Court's analysis under 28 U.S.C. §1404(a) by characterizing the clause as merely providing for permissive jurisdiction in the Middle District of Alabama. However, unlike the venue selection clauses at issue in the *Pep Boy* and *Polsky* cases cited by Plaintiff, the venue selection clause in the Plan explicitly provides for "exclusive" jurisdiction as follows: "The parties agree and consent to the *exclusive* jurisdiction" of the Middle District of Alabama. *See The Pep Boys-Manny, Moe & Jack v. American Waste Oil Services., Corp.,* 1997 U.S. Dist. LEXIS 9089, 1997 WL 367048 (E.D.Pa. 1989); *Polsky v. Hall City Centre Associates Ltd. Partnership,* 1989 U.S. Dist. LEXIS 4842, 1989 WL 48109 (E.D.Pa. 1989).

Plaintiff also attempts to limit the weight given the Plan's exclusive venue selection clause in the Court's analysis under 28 U.S.C. § 1404(a) by arguing that neither the Plaintiff nor the participant are a "party to said writing" and as such, did not "consent" to the clause. Obviously, the Plaintiff, having been assigned the rights of the participant, stands in the shoes of the participant. The participant is a beneficiary under the Plan which is an "employee benefit welfare plan" under ERISA § 3(1), 29 U.S.C. § 1002(1), not a bilateral contract to which concepts such as "consent" apply. Rather, having been assigned the participant's right to benefits under the Plan, the Plaintiff's claim is governed by ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which looks to the "terms" of the Plan for adjudicating such claims.[1] Considering that the Plaintiff, on behalf of the participant, is seeking relief under the terms of the Plan, the Plaintiff cannot be heard to complain that one of the Plan's terms provides that the exclusive venue for such claims is the Middle District of Alabama.

Moreover, Plaintiff has not made any argument that the Plan's exclusive venue selection clause is unjust, unreasonable or invalid for reasons such as fraud or overreaching. As one court recognized in an ERISA § 502(a)(1)(B) claim, such forum selection clauses in ERISA plans are "prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *Wellmark, Inc. v. Deguara,* 2003 WL 21254637 at *5 n. 6 (S.D. Iowa 2003).

---

[1] ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), provides:

> A civil action may be brought – by a participant or beneficiary – to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his right to future benefits under the terms of the plan.

### C. SKILSTAF HAS DEMONSTRATED THAT THE PUBLIC AND PRIVATE FACTORS UNDER 28 U.S.C. § 1404(a) WEIGH IN FAVOR OF TRANSFER.

In addition to the Plan's exclusive venue selection clause, the remaining public and private factors considered under 28 U.S.C. § 1404(a) weigh in favor of transfer to the Middle District of Alabama.

First, it is important to remember that this is a claim for benefits under the Plan and the Plan is entirely in Alabama:

- The Plan is administered in Alabama (Dunn Decl. ¶8).

- All of the witnesses who were involved in the denial of Plaintiff's claim for benefits on behalf of the participant are in Alabama (Dunn Decl. ¶ 10);

- The books and records of the Plan are maintained in Alabama (Dunn Decl. ¶ 14);

- The Plan sponsor is located in Alabama (Dunn Decl. ¶ 2).

Plaintiff makes much of the fact that it provided medical treatment to the participant in this District, but the issue is not what medical treatment was provided. The issue is whether that treatment was covered by the Plan – and the witnesses and other evidence relevant to that inquiry are all in Alabama.

Second, without attaching an affidavit or otherwise adducing any proof, Plaintiff asserts that the participant resides in New Jersey. However, the Declaration of Crystal Dunn attached to SkilStaf's Motion to Transfer establishes that the participant's residence is Athens, Texas and that Dennis Berry was on temporary work assignment in Philadelphia. (Dunn Decl. ¶ 22). Mr.

Berry has since completed another extended temporary work assignment in Rockport, Illinois. (Dunn Decl. ¶ 23).[2]

Moreover, the participant's alleged temporary residence in New Jersey does not factor weightily in the Court's analysis under 28 U.S.C. §1404(a). Despite the close proximity of New Jersey to this District, the fact remains that the participant does not actually reside, temporarily or otherwise, in this District. Thus, the participant's alleged temporary residence has no bearing on the Court's analysis. In addition, the issues to be decided in this case will not turn on the participant's testimony. Rather, all of the witnesses, documents and other evidence relevant to the Plaintiff's claim for Plan benefits are located in Alabama.

Finally, Plaintiff's argument regarding where the "breach took place" under ERISA §502(e)(2), 29 U.S.C. § 1132(e)(2), is not relevant to an "inconvenient forum" motion under 28 U.S.C. § 1404(a), but instead goes to "improper venue" under Fed. R. Civ. Pro. 12(b)(3). Likewise, Plaintiff's arguments regarding 42 Pa. C.S. § 5301 and where SkilStaf "may be found" are not relevant to an "inconvenient forum" motion under 28 U.S.C. §1404(a), but instead go to personal jurisdiction.

---

[2] SkilStaf's records reflect the participant's permanent and temporary residences because SkilStaf processes the payroll for its client, Newspaper Processing, Inc., who is Mr. Berry's employer.

## CONCLUSION

For the foregoing reasons, Defendant SkilStaf, Inc. respectfully requests that this Court grant its Motion to Transfer and transfer this matter to the United States District Court for the Middle District of Alabama.

Respectfully submitted,

/s/ Beth A. Friel
Jeanne L. Bakker (I.D. No. 79122)
Beth A. Friel (I.D. No. 86548)
Montgomery, McCracken,
  Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-1500

Attorneys for Defendant
SkilStaf, Inc.

Dated: April 13, 2006

-7-

## CERTIFICATE OF SERVICE

I, Beth A. Friel, counsel for Defendant SkilStaf, Inc., hereby certify that I caused a copy of Defendant's Memorandum in Reply To Plaintiff's Opposition to Defendant's Motion To Transfer Venue, to be served by first class U.S. mail, postage prepaid, upon the person, at the address and on the date that appears below:

> Robert E. Cole, P.C.
> Lafayette Building
> 437 Chestnut Street
> Suite 218
> Philadelphia, PA 19106

Date: April 13, 2006                        /s/ Beth A. Friel
                                            Beth A. Friel