**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OWEN J. ROGAL, D.D.S., P.C. | : | CIVIL ACTION |
| d/b/a THE PAIN CENTER | : | |
| | : | |
| vs. | : | NO. 05-6073 |
| | : | |
| SKILSTAF, INC. | : | |

| | | |
|---|---|---|
| OWEN J. ROGAL, D.D.S., P.C. | : | CIVIL ACTION |
| d/b/a THE PAIN CENTER | : | |
| | : | |
| vs. | : | NO. 05-6074 |
| | : | |
| SKILSTAF, INC. | : | |

## MEMORANDUM AND ORDER

**JOYNER, J.**                                              **June 26, 2006**

These cases have been brought before the Court on motions of
the defendant, Skilstaf, Inc. to Transfer Venue and to Dismiss
the plaintiff's complaints for failure to exhaust administrative
remedies pursuant to Fed.R.Civ.P. 12(b)(6).  As we shall grant
the motions to transfer venue, we do not reach the motions to
dismiss.

### Factual Background

These cases, which originated in the Court of Common Pleas
of Philadelphia County, arise out of the plaintiff's rendering of
chiropractic treatment to Dennis and Dianne Berry.  In October,
2005, plaintiff filed two separate actions against Skilstaf,
Inc., the employee leasing company which provided the group

health plan under which the Berrys were covered for medical

benefits as the result of the care which he gave to each of them,

asserting common law claims for breach of contract, bad faith and

deceit or fraud.[1]   Defendant removed the cases to this Court on

the grounds that, as plaintiff was seeking to recover benefits

due under an employee benefits plan, his claims were pre-empted

by the Employee Retirement Income Security Act, 29 U.S.C. §1001,

*et. seq.* ("ERISA").   Skilstaf now moves for the dismissal of

this case in its entirety on the grounds that the plaintiff has

failed to exhaust the administrative remedies available to him

under the plan documents and/or to transfer venue of this action

to the United States District Court for the Middle District of

Alabama.

## **Discussion**

By the motions to transfer venue, Defendant invokes 28

U.S.C. §1404(a), which provides:

> For the convenience of the parties and witnesses, in the
> interest of justice, a district court may transfer any civil
> action to any other district or division where it might have
> been brought.

The purpose of §1404(a) has been said to be "to prevent the

waste of time, energy and money and to protect litigants,

witnesses and the public against unnecessary inconvenience and

---

[1]   Both Dennis and Dianne Berry executed assignment of benefits forms
thereby vesting Plaintiff with the right to bring suit for payment of their
medical bills in his own name.  (See Plaintiffs' Exhibit "B" to Plaintiffs'
Complaints).

expense, not to shift the inconvenience from one party to the other." Dominy v. CSX Transporation, Inc., Civ. A. No. 05-487, 2006 U.S. Dist. LEXIS 9422 at *5-*6 (E.D.Pa. March 9, 2006), quoting Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1962) and Superior Precast, Inc. v. Safeco Insurance Company of America, 71 F.Supp.2d 438, 446 (E.D.Pa. 1999). Generally speaking, district courts have broad discretion in deciding whether to transfer a case under §1404(a), although a motion to transfer a case is not to be granted liberally. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988); Banket v. GC America, Inc., Civ. A. No. 05-576, 2005 U.S. Dist. LEXIS 23550 at *9 (E.D.Pa. Oct. 11, 2005). Indeed, "[i]t is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request and that choice should not be lightly disturbed." Shutte v. Armco, 431 F.2d 22, 25 (3d Cir. 1970).

The burden of establishing the inconvenience of the forum rests with the proponent of transfer. In re Amendt, No. 05-2458, 2006 U.S. App. LEXIS 3944 at *7 (3d Cir. Feb. 16, 2006); Banket, at *9-*10. However, the moving party is not required to show truly compelling circumstances for change of venue, but rather that all relevant things considered, the case would be better off transferred to another district. Dominy, supra., citing In re

<u>United States</u>, 273 F.3d 380, 388 (3d Cir. 2001).

In determining whether to transfer a case, the court must first determine whether the action "might have been brought" in the proposed transferee district. <u>Banket</u>, at *10, citing <u>Van Dusen</u>, 376 U.S. at 616, 84 S.Ct. at 809. Assuming that this requirement has been satisfied, the court must then assess a number of private and public interest factors in addition to those enumerated in §1404(a) (convenience of the parties and witnesses and the interests of justice). <u>Jumara v. State Farm Insurance Company</u>, 55 F.3d 873, 879 (3d Cir. 1995). Specifically, the private interests have included: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's choice of forum; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records. <u>Amendt</u>, at *8, citing <u>Jumara</u>, at 879-80. The public interests have included: (1) the enforceability of the judgment; (2) practical considerations that could expedite or simplify trial; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) in a diversity case, the

4

familiarity of the two courts with state law. Id.

Within this framework, a forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum. Jumara, at 880. Because questions of venue and the enforcement of forum selection clauses are essentially procedural rather than substantive, federal law is used to determine the effect of a forum selection clause. Wall Street Aubrey Golf, LLC v. Aubrey, No. 05-5027, 2006 U.S. App. LEXIS 13817 at *4 (3d Cir. June 5, 2006), citing Jumara at 877. Transfer is not available, however, when a forum selection clause specifies a non-federal forum; in that case, the district court would have no choice but to dismiss the action so it could be filed in the appropriate forum so long as dismissal would be in the interests of justice. Salovaara v. Jackson National Life Insurance Company, 246 F.3d 289, 298 (3d Cir. 2001). Forum selection clauses are presumptively valid and thus entitled to great and controlling weight in all but the most exceptional case. Wall Street, at *5; Moneygram Payment Systems, Inc. v. Consorcio Oriental, S.A., No. 01-4386, 65 Fed. Appx. 844, 847-848, 2003 U.S. App. LEXIS 9875 at *9 (3d Cir. May 21, 2003). Thus, the party opposing enforcement of a forum selection clause has a "heavy burden of showing not only that the balance of convenience is strongly in favor of a different forum but also that resolution in the selected forum will be so manifestly and gravely inconvenient to it that it will

5

be effectively deprived of a meaningful day in court." <u>Monegram</u>, 65 Fed. Appx. At 848, quoting <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 19, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

In applying the preceding principles to the matter at bar, we note at the outset that this matter could well have been brought in the Middle District of Alabama given that Skilstaf is an Alabama corporation with its headquarters and principal place of business in Alexander City, Alabama. <u>See</u>, 28 U.S.C. §1391(b), (c). Consequently, an assessment of the various private and public interest factors is in order.

In so first evaluating the private interest factors, we note that the plaintiff quite naturally chose this Court as he is also located in the City of Philadelphia. Not surprisingly, the defendant wishes this matter moved to the Middle District of Alabama, which is considerably closer to its corporate headquarters and principal place of business in Alexander City, Alabama. We further find that the claims at issue in this action arose in both fora, as Dr. Rogal rendered chiropractic and other medical services to the Berrys in his office in Philadelphia but the decision to deny his claims for payment of benefits was made at Skilstaf's offices in Alabama. Presumably, Skilstaf as a corporation has a larger staff and greater financial resources than does Plaintiff and would therefore suffer less physical and financial inconvenience than would Dr. Rogal if forced to

litigate this action in this District than would the plaintiff were he forced to litigate his claims in the Middle District of Alabama. As we cannot envision that Plaintiff would have many other witnesses aside from himself and perhaps one or two members of his office staff and the Berrys, who permanently reside in Texas[2], we conclude that the factor concerning convenience of the witnesses and location of the books and records weighs fairly equally for both parties given that the defendant's witnesses and documentary evidence as to how the plan is administered and how the decision to deny benefits was made are situated in Alabama. There is nothing to suggest that any of the witnesses would actually be unavailable for trial in one of the fora.

As to the public interest factors, we believe that Dr. Rogal would find it simpler and easier to enforce a judgment against the defendant if it were issued by the U.S. District Court for the Middle District of Alabama as that is where Skilstaf is located, although it would hardly be an onerous burden to transfer a judgment issued from this Court to that District if necessary. While common sense dictates that this Court has an interest in protecting the interests of citizens such as Dr. Rogal who reside within this district, the same may be said of the interest which the Middle District of Alabama has with regard to Skilstaf. As this case is predicated upon a federal statute

---

[2] According to the Plaintiff, however, at the time the Berrys received treatments from him in 2004 and 2005, they were residing in Clarksboro, NJ.

7

and not diversity, we believe that the U.S. District Court in the
Middle District of Alabama is equally familiar with and capable
of resolving this action under ERISA as is this one.
Furthermore, as the Judicial Caseload Profile Statistics suggest,
the judges in this District had an average of 793 filings in 2005
in contrast to the 521 average filings experienced by judges in
Alabama's Middle District.  Nevertheless, it took the judges in
Alabama an average of three additional months to dispose of their
civil cases than it did the judges in the Eastern District of
Pennsylvania.  As there do not appear to be any particular
practical considerations that could expedite or simplify trial or
public policies unique to either fora, we conclude that the
private and public interest factors equally favor both districts.

However, in evaluating the parties' choices of forum, we
must consider the forum selection clause found in Section
14(B)(7) of the Skilstaf Group Health Plan.  That clause reads as
follows:

> If any party wishes to contest a final claim review or
> appeal decision of the Plan Administrator involving total
> benefits, claims, losses, and damages in an amount of
> $10,000 or less, then all parties to such dispute agree and
> consent that the matter shall be submitted to the small
> claims court in Alexander City, Alabama, also known as the
> Alexander City Division of the District Court for Tallapoosa
> County, Alabama.  The parties agree and consent to the
> exclusive jurisdiction for any other claim, or any claim as
> described above that cannot be heard in such court as
> described above, involving an appeal or final claim review
> upon the conclusion of the plan's claim review procedure, in
> the U.S. Federal District Court for the District
> encompassing Alexander City, Alabama.

Thus, given the absence of any evidence on this record that the above forum selection clause is the result of any fraud, influence, or overweening bargaining power, we find that it is valid and enforceable and that it provides compelling evidence that the parties to this action intended to litigate matters such as this one exclusively in the Middle District of Alabama.  See, Jumara, 55 F.3d at 880, quoting M/S Bremen v. Zapata, 407 U.S. at 12-13, 92 S.Ct. at 1914-1915.[3]  All other factors being equal then, we therefore find that the defendants' motions should be granted and that this matter is properly transferred to the U.S. District Court for the Middle District of Alabama.

---

[3]  Plaintiff asserts that because neither he nor Dennis or Dianne Berry were parties to the writing, the forum selection clause should not be read to confer exclusive jurisdiction on the U.S. District Court for the Middle District of Alabama.  While it is true that where parties enter into a contract and merely consent to jurisdiction in a particular forum, they do not preclude the jurisdiction of other forums, Plaintiff fails to acknowledge that there is a recognized distinction between exclusive and permissive forum selection clauses.  See, e.g., Koresko v. Nationwide Insurance Co., 403 F.Supp. 2d 394, 401 (E.D.Pa. 2005); Polsky v. Hall City Centre Associates, Ltd. Partnership, Civ. A. No. 88-9086, 1989 U.S. Dist. LEXIS 4942 (E.D.Pa. May 4, 1989).  As we find no ambiguity in the clause at issue here, nor does Plaintiff claim that any such ambiguity exists, we find that it does indeed contemplate that jurisdiction would exclusively lie in the Middle District of Alabama.

We further find no necessity for the plaintiff or the Berrys to have been signatories to the group health plan to give effect to the forum selection clause contained therein.  To be sure, the Skilstaf Group Health Plan is an employee welfare benefit plan as defined by and within the meaning of 29 U.S.C. §1002(1)–it is not a bilateral written contract which would typically require execution by all parties as a pre-requisite to becoming effective.  As the Berrys have assigned their right to benefits under the plan to the plaintiff, he effectively now stands in their shoes.  See, Pascack Valley Hospital, Inc. v. Local 464A UFCW Reimbursement Plan, 388 F.3d 393, 401 (3d Cir. 2004)("Almost every circuit to have considered the question has held that a health care provider can assert a claim under §502(a) where a beneficiary or participant has assigned to the provider that individual's right to benefits under the plan.").

An order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


OWEN J. ROGAL, D.D.S., P.C.  : CIVIL ACTION
d/b/a THE PAIN CENTER       :
                           :
       vs.          : NO. 05-6073
                           :
SKILSTAF, INC.            :
_____

OWEN J. ROGAL, D.D.S., P.C.  : CIVIL ACTION
d/b/a THE PAIN CENTER       :
                           :
       vs.          : NO. 05-6074
                           :
SKILSTAF, INC.            :


**ORDER**


_____AND NOW, this     26th     day of June, 2006, upon consideration of the Defendants' Motions to Transfer Venue and Plaintiff's Responses thereto, it is hereby ORDERED that the Motions are GRANTED for the reasons set forth in the preceding Memorandum Opinion and these cases are TRANSFERRED to the United States District Court for the Middle District of Alabama.

                        BY THE COURT:



                        s/J. Curtis Joyner_____
                        J. CURTIS JOYNER,      J.