# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| OWEN J. ROGAL, D.D.S., P.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:06-cv-00728-MHT |
| SKILSTAF, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

In response to each separately numbered paragraph, Defendant Skilstaf, Inc. ("Skilstaf" or "Defendant") hereby answers Plaintiff's Complaint as follows:

1. Defendant admits that the plaintiff in this matter is Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center. Defendant is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 1, and therefore denies said allegations.

2. Defendant admits that it is an Alabama corporation with its principal place of business at 860 Airport Drive, Alexander City, Alabama. Defendant further admits that it is an employee leasing company that provides its clients with employee benefits and human resources services.

Defendant further admits that, as an employee leasing company, it enters into co-employment agreements with its clients, under which the client leases its employees to Skilstaf and Skilstaf simultaneously assigns the employees back to the client. Defendant further admits that its clients retain direct control and supervision of their employees and that Skilstaf becomes the co-employer of its clients' employees for specified purposes such as payroll, benefits, and workers' compensation. Defendant further admits that one of its clients is Newspaper Processing, Inc., and that it provides group health coverage under the Skilstaf Group Health Plan (the "Plan") to Newspaper Processing, Inc. employees and their spouses. Defendant further admits that it is the sponsor of the Plan and that Risk Reduction, Inc. ("RRI") is the Plan Administrator. Defendant denies each and every remaining allegation of Paragraph 2.

    3.    Defendant admits that one of its clients is Newspaper Processing, Inc., and that Dennis Berry, Dianna Berry's husband, is an employee of Newspaper Processing, Inc. Defendant further admits that it provides group health coverage under the Plan, which is an ERISA-regulated employee welfare benefit plan, to Newspaper Processing, Inc. employees and their spouses. Defendant further admits that, during the time relevant to the Complaint, it provided group health coverage under the Plan to Dennis

2

and Dianna Berry. Defendant further admits that it is the sponsor of the Plan and that RRI is the Plan Administrator. Defendant denies each and every remaining allegation of Paragraph 3.

4. Defendant admits that Dennis Berry and his spouse, Dianna Berry, were enrolled in the Plan as of January 2005. Defendant denies each and every remaining allegation of Paragraph 4.

5. Defendant admits that Dianna Berry sought treatment by Plaintiff beginning on or around January 14 or January 21, 2005. Defendant denies each and every remaining allegation of Paragraph 5.

6. Defendant admits that Plaintiff has affixed a document to its Complaint that reports an outstanding balance of $117,407.37 in connection with its alleged treatment of Dianna Berry. Defendant further admits that, because Plaintiff's alleged treatment of Dianna Berry was not covered under the terms of the Plan, Defendant does not owe Plaintiff any payment in connection with the alleged outstanding balance. Defendant denies each and every remaining allegation of Paragraph 6.

7. Defendant denies each and every allegation of Paragraph 7.

8. Defendant is without information sufficient to form a belief as to the allegations contained in Paragraph 8, and therefore denies said allegations.

9. Defendant denies each and every allegation of Paragraph 9.

10. Defendant denies each and every allegation of Paragraph 10, including subparagraphs (a) through (j).

11. As phrased, Defendant denies each and every allegation of Paragraph 11.

12. Defendant denies each and every allegation of Paragraph 12.

13. Defendant admits that, because Plaintiff's alleged treatment of Dianna Berry was not covered under the terms of the Plan, Defendant did not pay the medical bills associated with Plaintiff's treatment of Dianna Berry. Defendant further admits that Plaintiff has failed to exhaust the administrative remedies under the Plan as to its asserted claim. Defendant denies each and every remaining allegation of Paragraph 13.

14. Defendant incorporates and adopts Paragraphs 1-13 above.

15. Defendant denies each and every allegation of Paragraph 15.

16. Defendant denies each and every allegation of Paragraph 16.

For answer to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any judgment or award, damages or benefits whatsoever as alleged in its Complaint and further denies that Plaintiff is entitled to any interest, attorneys' fees, costs or other relief.

17. Defendant incorporates and adopts Paragraphs 1-16 above.

18. Defendant denies each and every allegation of Paragraph 18.

For answer to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any judgment or award, damages or benefits whatsoever as alleged in its Complaint and further denies that Plaintiff is entitled to any interest, attorneys' fees, costs or other relief.

19. Defendant incorporates and adopts Paragraphs 1-18 above.

20. Defendant denies each and every allegation of Paragraph 20.

21. Defendant denies each and every allegation of Paragraph 21.

For answer to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any judgment or award, damages or benefits whatsoever as alleged in its Complaint and further denies that Plaintiff is entitled to any interest, attorneys' fees, costs or other relief.

## **FIRST DEFENSE**

Under the terms and conditions of the Plan, Plaintiff is not entitled to payment for the medical bills it has submitted.

## **SECOND DEFENSE**

To the extent Plaintiff might be entitled to payment for the medical bills it has submitted, which Defendant denies, any such payment is subject to setoffs as defined under the terms of the Plan.

### THIRD DEFENSE

Plaintiff's claim is barred because Plaintiff has failed to exhaust its administrative remedies under the Plan.

### FOURTH DEFENSE

Under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, as amended, Plaintiff is not entitled to seek compensatory, punitive, or extra-contractual damages.

### FIFTH DEFENSE

Plaintiff's state law claims are preempted by ERISA.

### SIXTH DEFENSE

Under ERISA, Plaintiff is not entitled to a jury trial.

### SEVENTH DEFENSE

Plaintiff's claim is barred because the claim determination was not arbitrary, capricious, unreasonable, or made in bad faith.

### EIGHTH DEFENSE

To the extent Plaintiff's claim is filed outside of the statute of limitations or outside of the limits established by the Plan, such claim is barred.

## NINTH DEFENSE

Plaintiff's claim is barred as a result of its failure to comply with the conditions precedent of the Plan.

## COUNTERCLAIM

For its Counterclaim, Defendant alleges as follows:

1. Because Defendant was mistaken as to the nature of Plaintiff's treatment of Dianna Berry or because Plaintiff and/or Dianna Berry misrepresented the nature of said treatment, Defendant was mistakenly or wrongfully caused to pay Plaintiff in connection with Plaintiff's improper treatment of Dianna Berry.

2. Plaintiff now holds money and property that belong to Defendant and that was improperly transferred to Plaintiff because of mistake or fraud. Plaintiff, with knowledge of the benefit bestowed on it, has wrongfully retained the benefit. Plaintiff has, accordingly, been unjustly enriched at Defendant's expense.

WHEREFORE, premises considered, Defendant requests judgment in its favor, including fees and costs.

Respectfully Submitted,

s/Charles A. Stewart III
Charles A. Stewart III (STE067)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
cstewart@bradleyarant.com

s/Amelia T. Driscoll
Amelia T. Driscoll (DRI016)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
adriscoll@bradleyarant.com

Attorneys for Defendant
Skilstaf, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Robert E. Cole
>437 Chestnut Street, Suite 218
>Philadelphia, PA  19109
>
>Beth A. Friel
>Jeanne L. Bakker
>Mongtomery, McCracken, Walker & Rhoads
>123 South Broad Street
>Philadelphia, PA  19109

and I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:  None.

                                            /s/ Amelia T. Driscoll