IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OWEN J. ROGAL, D.D.S., P.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:06-cv-00728-MHT |
| SKILSTAF, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S AMENDED COUNTERCLAIM**

COMES NOW Skilstaf, Inc. ("Skilstaf" or "Defendant"), the defendant in the above-styled cause, and files this Amended Counterclaim to add counterclaims based on Skilstaf's right to recover under the Skilstaf Group Health Plan (the "Plan") and on unjust enrichment as follows:

**FACTS**

1. Skilstaf, an Alabama corporation, is an employee leasing company that provides its clients with employee benefits and human resources services including, but not limited to, health care benefits.

2. As an employee leasing company, it enters into co-employment agreements with its clients, under which the client leases its employees to Skilstaf and Skilstaf simultaneously assigns the employees back to the client.

Although Skilstaf's clients retain direct control and supervision of their employees, Skilstaf becomes the co-employer of its clients' employees for specified purposes such as payroll, benefits, and workers' compensation.

3.      Newspaper Processing, Inc. is one of Skilstaf's clients. Specifically, Skilstaf provides group health coverage under the Plan to Newspaper Processing, Inc. employees and their spouses.

4.      Skilstaf is the sponsor of the Plan; Risk Reduction, Inc. ("RRI") is the Plan Administrator.

5.      Dennis Berry, Dianna Berry's husband, is an employee of Newspaper Processing, Inc., and, during the time relevant to the Complaint, was a participant in the Plan.

6.      Skilstaf provided group health coverage under the Plan to Dennis Berry, and to Dennis' wife Dianna, during the time relevant to the Complaint.

7.      Plaintiff Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center ("The Pain Center" or "Plaintiff") is, upon information and belief, a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. (Pl.'s Compl. ¶ 1).

8.      Upon information and belief, Plaintiff is in the business of treating its patients' chronic pain through a non-invasive radio frequency

2

procedure whereby Plaintiff's employees place pinpointed heat directly into their patients' injured muscles.

9. Beginning on or about January 14, 2005, Dianna Berry sought radio frequency treatment from Plaintiff. Despite the fact that Dianna Berry's alleged condition never improved over the course of said radio frequency treatments, Plaintiff "treated" Dianna Berry on several occasions including, but not limited to, the following: (1) January 21, 2005; (2) January 28, 2005; (3) February 4, 2005; (4) February 11, 2005; (5) February 18, 2005; (6) February 25, 2005; (7) March 4, 2005; (8) March 18, 2005; (9) March 25, 2005; (10) April 1, 2005; (11) April 8, 2005; (12) April 15, 2005; (13) April 22, 2005; (14) April 29, 2005; (15) May 6, 2005; (16) May 13, 2005; (17) May 20, 2005; (18) May 23, 2005; (19) May 25, 2005; (20) May 26, 2005; (21) May 27, 2005; (22) June 1, 2005; (23) June 3, 2005; and (24) June 7, 2005. (*See* Ex. A to Pl.'s Compl.).

10. In connection with its alleged treatment of Dianna Berry, Plaintiff submitted medical bills to Skilstaf totaling $189,900.00. (*See* Ex. A to Pl.'s Compl.). On the claims it submitted to Skilstaf, Plaintiff improperly coded its radio frequency treatments. As a result of Plaintiff's improper coding, Skilstaf was caused to misunderstand the nature of Plaintiff's treatment of Dianna Berry.

11. Because Plaintiff's claims were improperly coded and/or because Plaintiff made a mistake as to the nature of Plaintiff's treatment of Dianna Berry, Skilstaf paid $71,911.53 to Plaintiff that it was not required to pay under the terms of the Plan.

## COUNTERCLAIMS

## COUNTERCLAIM I
## DEFENDANT'S RIGHT TO RECOVERY UNDER THE PLAN

12. Skilstaf realleges every paragraph above.

13. The Plan's Summary Plan Description ("SPD") provides, in pertinent part:

> When payments of medical and/or dental benefits have been made in error or have exceeded the amount of such benefits that are required to be paid by the plan under the foregoing provisions of this SECTION 11, this plan shall have the right to recover such payments, to the extent of such error or excess, from one or more of the following, as the plan shall determine:
> (a) Any persons to or for or with respect to whom such payments were made; and
> (b) Any other insurance companies or any other organizations providing benefits or services under any other plan(s)

14. As described in Paragraphs 9-11, Skilstaf was caused to misunderstand the nature of Plaintiff's treatment of Dianna Berry and was, therefore, mistakenly and/or wrongfully caused to pay Plaintiff $71,911.53 that it was not required to pay under the terms of the Plan.

4

15. Under the SPD's express terms, Skilstaf has the right to recover the money it mistakenly and/or wrongfully was caused to pay Plaintiff.

WHEREFORE, premises considered, Defendant requests judgment in its favor of $71,911.53, including fees and costs. Further, Skilstaf seeks any other relief to which it is entitled.

## COUNTERCLAIM II
## UNJUST ENRICHMENT

16. Skilstaf realleges every paragraph above.

17. Because Skilstaf was mistaken as to the nature of Plaintiff's treatment of Dianna Berry and/or because Plaintiff misrepresented the nature of said treatment, Skilstaf was mistakenly and/or wrongfully caused to pay Plaintiff $71,911.53 that it was not required to pay under the terms of the Plan.

18. Accordingly, Plaintiff now holds money and property that belong to Skilstaf and that was improperly transferred to Plaintiff because of mistake and/or fraud.

19. Plaintiff, with knowledge of the benefit bestowed on it, has wrongfully retained the benefit.

20. Plaintiff has been unjustly enriched at Skilstaf's expense.

WHEREFORE, premises considered, Skilstaf requests the Court to order Plaintiff to make restitution to Skilstaf and/or to impose a constructive

trust on any money or property that Plaintiff possesses through its misconduct. Further, Skilstaf seeks any other relief to which it is entitled.

                                        Respectfully Submitted,

                                        s/Charles A. Stewart III
                                        Charles A. Stewart III (STE067)
                                        Bradley Arant Rose & White LLP
                                        The Alabama Center for Commerce
                                        401 Adams Avenue, Suite 780
                                        Montgomery, AL 36104
                                        Telephone: (334) 956-7700
                                        Facsimile: (334) 956-7701
                                        cstewart@bradleyarant.com

                                        s/Amelia T. Driscoll
                                        Amelia T. Driscoll (DRI016)
                                        Bradley Arant Rose & White LLP
                                        1819 Fifth Avenue North
                                        Birmingham, AL 35203-2104
                                        Telephone: (205) 521-8000
                                        Facsimile: (205) 521-8800
                                        adriscoll@bradleyarant.com

                                        Attorneys for Defendant
                                        Skilstaf, Inc.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Robert E. Cole
> 437 Chestnut Street, Suite 218
> Philadelphia, PA  19109
>
> Beth A. Friel
> Jeanne L. Bakker
> Mongtomery, McCracken, Walker & Rhoads
> 123 South Broad Street
> Philadelphia, PA  19109

and I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:  None.

                                            /s/ Amelia T. Driscoll