**IN THE UNITED STATED DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

ROBERT E. COLE                              Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050

_____

OWEN J. ROGAL, D.D.S., P.C.        :
d/b/a THE PAIN CENTER
501-07 SOUTH 12TH STREET
PHILADELPHIA, PA  19147

       Plaintiff              :

       V.                     :    NO. 3:06cv728-VPM

SKILSTAF, INC.                     :
P.O. BOX 729
ALEXANDER CITY, AL  35011

       Defendant             :

_____

## REPLY OF PLAINTIFF TO AMENDED COUNTER-CLAIMS OF DEFENDANT WITH AFFIRMATIVE DEFENSES

1.     Denied. Denied as after reasonable investigation, defendants are without knowledge or sufficient information to form belief as to the truth of this averment and therefore, same is denied and strict proof thereof is demanded at trial.

2.     Denied. Denied as after reasonable investigation, defendants are without knowledge or sufficient information to form belief as to the truth of this averment and therefore, same is denied and strict proof thereof is demanded at trial.

3.    Denied. Denied as after reasonable investigation, defendants are without knowledge or sufficient information to form belief as to the truth of this averment and therefore, same is denied and strict proof thereof is demanded at trial.

4.    Denied.  After reasonable investigation, defendants are without knowledge or sufficient information to form belief as to truth of this averment and therefore, same is denied and strict proof thereof is demanded at trial.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admitted in part, denied in part.  Admitted that plaintiff is a medical provider.  Denied as to the basic characterization of services by defendant.  The remainder of this allegation is denied as a conclusion of law to which no response is required.  To the extent that this allegation is deemed factual, it is specifically denied and strict proof is demanded at trial.

9.    Admitted in part, denied in part.  Admitted that plaintiff provided treatment to Dianna Berry.  The remainder of this allegation is denied as a conclusion of law to which no response is required.  To the extent that this allegation is deemed factual, it is specifically denied and strict proof is demanded at trial.

10.    Admitted in part, denied in part.  Admitted that plaintiff billed defendant for medical services rendered to Dianna Berry.  The remainder of this allegation is denied as a conclusion of law to which no response is required.  To the extent that this allegation is deemed factual, it is specifically denied and strict proof is demanded at trial.

11.    Denied.  This allegation is denied as a conclusion of law to which no response is required.  To the extent that this allegation is deemed factual, it is specifically denied and strict proof is demanded at trial.

12.    Plaintiff incorporates by reference paragraphs one (1) through eleven (11) as though set forth at length below.

13.    Admitted in part, denied in part.  Admitted as to the language quoted.  Denied as to the legal effect, if any, of the said language.

14.    Denied.  This allegation is denied as a conclusion of law to which no response is required.  To the extent that this allegation is deemed factual, it is specifically denied and strict proof is demanded at trial.

15.    Denied.  This allegation is denied as a conclusion of law to which no response is required.  To the extent that this allegation is deemed factual, it is specifically denied and strict proof is demanded at trial.

WHEREFORE, for the above reasons, plaintiff respectfully requests that this Court enter judgment in its favor and against defendant, plus costs and attorney's fees.

16.   Plaintiff incorporates by reference paragraphs one (1) through fifteen (15) as though set forth at length below.

17.   Denied.  This allegation is denied as a conclusion of law to which no response is required.  To the extent that this allegation is deemed factual, it is specifically denied and strict proof is demanded at trial.

18.   Denied.  This allegation is denied as a conclusion of law to which no response is required.  To the extent that this allegation is deemed factual, it is specifically denied and strict proof is demanded at trial.

19.   Denied.  This allegation is denied as a conclusion of law to which no response is required.  To the extent that this allegation is deemed factual, it is specifically denied and strict proof is demanded at trial.

20.   Denied. This allegation is denied as a conclusion of law to which no response is required.  To the extent that this allegation is deemed factual, it is specifically denied and strict proof is demanded at trial.

WHEREFORE, for the above reasons, plaintiff respectfully requests that this Court enter judgment in its favor and against defendant, plus costs and attorney's fees.

## AFFIRMATIVE DEFENSES

21.    Plaintiff incorporates by reference paragraphs one (1) through twenty (20) as though set forth at length below.

22.    Defendant has failed to state a claim upon which relief may be granted.

23.    Defendant has brought these counter-claims in bad faith and for the purposes of harassment.

24.    Plaintiff asserts the defenses of estoppel and waiver as full and complete defenses to all counter-claims by defendant in this matter.

25.    Plaintiff reserves the right to assert any and all affirmative defenses which discovery proceedings may hereafter reveal to be appropriate.

WHEREFORE, for the above reasons, plaintiff respectfully request that this Court enter judgment in its favor and against defendant, plus costs and attorney's fees.

Respectfully submitted,

REC6159_____
Robert E. Cole, Esquire
Attorney for Plaintiff
Atty. I.D. No. 73263
437 Chestnut Street, Suite 218
Philadelphia, PA  19106
(215) 922-2050
recoleesq6@juno.com

## **VERIFICATION**

Robert E. Cole, Esquire hereby states that he is attorney for plaintiff in this action and verifies that the averments set forth in the foregoing Reply are true and correct to the best of his knowledge, information and belief.  The undersigned understands that the statements therein made are subject to the penalties relating to unsworn falsification to authorities.

REC6159_____
Robert E. Cole, Esquire
Attorney for Plaintiff
Atty. I.D. No. 73263
437 Chestnut Street, Suite 218
Philadelphia, PA  19106
(215) 922-2050
recoleesq6@juno.com

**IN THE UNITED STATED DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

ROBERT E. COLE                                    Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050
_____

OWEN J. ROGAL, D.D.S., P.C.          :
d/b/a THE PAIN CENTER

              V.                     :    NO. 3:06cv728-VPM

SKILSTAF, INC._____  :

## CERTIFICATE OF SERVICE

    Robert E. Cole, Esquire, attorney for plaintiff, hereby verifies that on the 26th day of October, 2006, he electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing as follows:

                Amelia T. Driscoll, Esquire
                    Bradley Arant et al.
                    1819 Fifth Avenue North
                Birmingham, AL  35203-2104

    Robert E. Cole, Esquire, attorney for plaintiff, hereby verifies that on the 26th day of October, 2006, he served upon Jeanne L. Bakker, Esquire, attorney for defendant above, a true and correct copy of the foregoing by first class mail, postage prepaid to the following address:

                Montgomery, McCracken et al.
                    123 South Broad Street
                    Philadelphia, PA  19109

                    REC6159_____
                    Robert E. Cole, Esquire
                    Attorney for Plaintiff
                    Atty. I.D. No. 73263
                    437 Chestnut Street, Suite 218
                    Philadelphia, PA  19106
                    (215) 922-2050
                    recoleesq6@juno.com