**IN THE UNITED STATED DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| ROBERT E. COLE | Attorney For Plaintiff |
| ROBERT E. COLE, P.C. | |
| ATTORNEY I.D. NO. 73263 | |
| 437 CHESTNUT STREET, SUITE 218 | |
| PHILADELPHIA, PA  19106 | |
| (215) 922-2050 | |

_____

| | | |
|---|---|---|
| OWEN J. ROGAL, D.D.S., P.C. | : | |
| d/b/a THE PAIN CENTER | | |
| 501-07 SOUTH 12TH STREET | | |
| PHILADELPHIA, PA  19147 | | |
| | | |
| Plaintiff | : | |
| | | |
| V. | : | NO. 3:06cv728-MHT |
| | | |
| SKILSTAF, INC. | : | |
| P.O. BOX 729 | | |
| ALEXANDER CITY, AL  35011 | | |
| | | |
| Defendant | : | |

_____

**PLAINTIFF OWEN J. ROGAL, D.D.S., P.C.'S REPLY IN OPPOSITION TO DEFENDANT SKILSTAF, INC.'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, by and through its undersigned counsel, does hereby respond to defendant's Motion and avers as follows:

1.  The plaintiff in this matter is Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, a corporation with principal place of business being located at 501-07 South 12th Street, Philadelphia, PA  19147.

2. Defendant Skilstaf, Inc. is an Alabama corporation and insurance provider/plan administrator with its headquarters and principal place of business located at P.O. Box 729, Alexander City, AL  35011.

3. This matter commenced in October, 2005 in Philadelphia County, PA and was removed to federal district court in Philadelphia, PA on or about November of 2005.

4. This matter was transferred from federal district court in Philadelphia, PA to the instant venue on or about June 26, 2006.

5. This matter concerns plaintiff medical provider's allegations of non-payment of medical bills by defendant incurred by patient/insured Dianna Berry.

6. Dianna Berry executed an assignment of rights to plaintiff.

7. Defendant filed the instant Motion for Summary Judgment upon ground that plaintiff provided chiropractic care to Dianna Berry.

8. Dianna Berry sought treatment with plaintiff from January, 2005 through June, 2005 due to chronic pain.

9. Group health plan sponsor for Dennis Berry's employee welfare benefit plan is defendant herein.

10. Dianna Berry is spouse of Dennis Berry, and thus is covered by Mr. Berry's employee group health plan sponsored/administered by defendant.

11. Dianna Berry received radiofrequency surgical treatment and related on the dates aforesaid. See Exhibit "A" attached hereto and made by reference a part hereof, literature and peer review article on said treatment.

12. Plaintiff forwarded bills for medical services provided to Dianna Berry to defendant herein. Defendant made payment on bills from January, 2005 to April, 2005.

13. By correspondence of July 14, 2005, defendant requested back its payments made to plaintiff, "*It appears that these claims were for services provided by chiropractors*". (emphasis added). See Exhibit "C", attached hereto and made by reference a part hereof, copy of said correspondence.

14. By correspondence of July 18, 2005, plaintiff responded, "*At no time did this office bill for chiropractic services.*" See Exhibit "C", attached hereto and made by reference a part hereof, copy of said correspondence.

15. By correspondence of plaintiff's counsel of September 6, 2005, plaintiff forwarded documentation in the nature of summary progress reports regarding Dianna Berry's treatment by plaintiff. See Exhibit "C", attached hereto and made by reference a part hereof, copy of said correspondence.

16. By correspondence of September 26, 2005, plan administrator Robert C. Johnson forwarded correspondence to plaintiff counsel indicating, "As the Plan already has exceeded the annual limit for **chiropractors' services** during 2005 for Ms. Berry, no additional benefits are payable under the Plan for the referenced claims. In addition, no future claims will be covered for any such services administered during 2005." (emphasis added). See Exhibit "C", attached hereto and made by reference a part hereof, copy of said correspondence.

17. By correspondence of September 30, 2005, plaintiff's counsel again pointed out that plaintiff does not provide chiropractic services, "Perhaps you should have read the documentation enclosed with our prior correspondence. ***The Pain Center at no point provided Mrs. Berry with chiropractic treatment***. In fact, The Pain Center has never offered said discipline to any patient." (emphasis in original). See Exhibit "C", attached hereto and made by reference a part hereof, copy of said correspondence.

18. Plaintiff did not request review/appeal further as it was apparent to plaintiff and counsel that any further efforts would be futile.

19. Defendant denied payment for medical treatment rendered by plaintiff to Dianna Berry on the sole basis that

same was chiropractic care, as is evidenced by the collective Exhibit "C" attached hereto.

20.  Defendant never indicated to plaintiff or counsel that it had sought independent review of Dianna Berry's medical records and never provided plaintiff or counsel with documentation of review.

21.  Defendant's Motion, and specifically its attached affidavit of Robert C. Johnson, is a deliberately false effort to deceive this Court and contrary to defendant's documented denial of benefits in determination that plaintiff provided chiropractic care to Dianna Berry.

22.  As plaintiff trusts is quite obvious, radiofrequency surgery is not chiropractic care.

23.  Defendant's plan administrator has been afforded discretion to interpret provisions of the Plan and the Plan is self-insured with the plan sponsor making contributions to the plan based upon determination of the amounts necessary to timely pay benefits and expenses.  As such, the administrator operates under a conflict of interest.

24.  Herein, the heightened arbitrary-and-capricious standard of review applies to the administrator's interpretation of the plan where the plan affords the administrator discretion and the administrator has a conflict of interest.  <u>Brown v. Blue Cross & Blue Shield of Ala., Inc.</u>,  898 F.2d 1556 (1990).

25. Defendant's plan interpretation that medical bills for treatment rendered to Dianna Berry by plaintiff were excluded due to being chiropractic care was in error, willful, wanton and grossly negligent.

26. Plaintiff has exhausted all administrative remedies prior to filing the instant matter.

27. Defendant has incorrectly determined that benefits are excluded in the instant matter.

WHEREFORE, plaintiff respectfully requests that this court deny defendant's Motion for Summary Judgment.

> s/Robert E. Cole_____
> Robert E. Cole, Esquire
> Attorney for Plaintiff
> Atty. I.D. No. 73263
> 437 Chestnut Street, Suite 218
> Philadelphia, PA  19106
> (215) 922-2050
> recoleesq6@juno.com

IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

ROBERT E. COLE                           Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050
_____

OWEN J. ROGAL, D.D.S., P.C.      :
d/b/a THE PAIN CENTER
501-07 SOUTH 12TH STREET
PHILADELPHIA, PA  19147

       Plaintiff            :

       V.                   :   NO. 3:06cv728-MHT

SKILSTAF, INC.                   :
P.O. BOX 729
ALEXANDER CITY, AL  35011

       Defendant            :
_____

**ORDER**

AND NOW, this        day of              , 2007, upon consideration of defendant's Motion for Summary Judgment and plaintiff's Reply thereto and the memorandum of law filed in support thereof, it is hereby **ORDERED and DECREED** that the Motion for Summary Judgment is **DENIED.**

                      BY THE COURT:

                      _____
                              J.