IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

```
ROBERT E. COLE                                Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050
_____

OWEN J. ROGAL, D.D.S., P.C.          :
d/b/a THE PAIN CENTER
501-07 SOUTH 12TH STREET
PHILADELPHIA, PA  19147

            Plaintiff                :

            V.                       :   NO. 3:06cv728-MHT

SKILSTAF, INC.                       :
P.O. BOX 729
ALEXANDER CITY, AL  35011

            Defendant                :
_____
```

**PLAINTIFF OWEN J. ROGAL, D.D.S., P.C.'S BRIEF IN OPPOSITION TO
DEFENDANT SKILSTAF, INC.'S MOTION FOR SUMMARY JUDGMENT**

1

**TABLE OF CONTENTS**

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . .3

    A.   COUNTER-STATEMENT OF UNDISPUTED FACTS. . . . . . . . .3

    B.   STATEMENT OF DISPUTED FACTS. . . . . . . . . . . . . .4

II. JUDICIAL STANDARD OF REVIEW. . . . . . . . . . . . . . . . 5

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 6

**A.**

**WHEN DEFENDANT HAS IDENTIFIED THE INCORRECT STANDARD OF REVIEW REGARDING AN ADMINISTRATOR'S INTERPRETATION OF AN ERISA PLAN AND WHEN THE PLAN INTERPRETATION IS INCORRECT NO MATTER WHAT STANDARD IS APPLIED, HAS DEFENDANT SUSTAINED ITS BURDEN TO SUPPORT SUMMARY JUDGMENT IN ITS FAVOR?**

**(ANSWERED IN THE NEGATIVE BELOW)**

**B.**

**WHEN PLAINTIFF HAS REQUESTED REVIEW OF DEFENDANT'S INCORRECT DETERMINATION OF DENIAL OF BENEFITS ON THREE (3) OCCASIONS, IS THIS MATTER RIPE FOR ADJUDICATION?**

**(ANSWERED IN THE AFFIRMATIVE BELOW)**

IV. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . .14

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . 15

**I.     INTRODUCTION**

The plaintiff in this matter is Owen J. Rogal, D.D.S., P.C., d/b/a The Pain Center, a corporation with principal place of business being located at 501-07 South 12th Street, Philadelphia, PA  19147.  Defendant Skilstaf, Inc. is an Alabama corporation and insurance provider/plan administrator with its headquarters and principal place of business located at P.O. Box 729, Alexander City, AL  35011.

This matter commenced in October, 2005 in Philadelphia County, PA and was removed to federal court for the eastern district of Pennsylvania on or about November of 2005.  This matter was transferred to the present venue by the Court on June 26, 2006.  This matter concerns plaintiff medical provider's allegations of non-payment of medical bills by defendant incurred by patient/insured Dianna Berry.  Mrs. Berry executed an assignment of rights to plaintiff which has been reproduced in defendant's Exhibit 3 to its motion.  Dianna Berry is spouse of Dennis Berry and thus covered insured under defendant's Plan.

   A.    *COUNTER STATEMENT OF UNDISPUTED FACTS*

Plaintiff incorporates its Reply in Opposition to Motion for Summary Judgment herein.

    B.    *STATEMENT OF DISPUTED FACTS*

    1.    Defendant's plan administrator is vested with discretionary authority with regard to plan interpretation and construction.

    2.    Defendant's plan is funded based upon determination of amounts necessary to timely pay benefits and expenses; as such, the plan sponsor is directly interested in payments made from the plan.

    3.    As the plan affords the administrator discretion and the administrator has a conflict of interest, the Eleventh Circuit has held that a heightened arbitrary-and-capricious standard of review applies to the plan administrator's interpretation of the plan. <u>Brown v. Blue Cross & Blue Shield of Ala., Inc.</u>, 898 F.2d 1556 (1990).

    4.    Defendant denied payment of medical bills for treatment rendered by plaintiff to Dianna Berry as being chiropractic care.

    5.    Plaintiff did not provide Dianna Berry with chiropractic care.

    6.    Plaintiff has never provided any patient with chiropractic care.

    7.    Plaintiff is not a chiropractic office.

    8.    Plaintiff only provides radiofrequency surgery services to its patients, including Dianna Berry.

    9.    Radiofrequency surgery is not chiropractic care.

    10.    On two (2) occasions, defendant denied payments of plaintiff's billing due to being chiropractic care. On three (3) occasions, plaintiff appealed said denials as plaintiff does not provide chiropractic care. See collectively, Exhibit "C" herein, true and correct copies of said documentation attached hereto and incorporated by reference herein.

    11.    Plaintiff has exhausted administrative remedies in its requests for review/appeal of denial of benefits. Any further attempt by plaintiff in this regard can only be considered superfluous, futile and pointless.

## II.   **STANDARD OF REVIEW**

### **Standard of Review under Rule 56**

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).  The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  Id. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific

5

facts showing that there is a genuine issue for trial.'" Id. at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. Anderson v. Liberty Lobby, 477 U.S. 242, 255, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

**III. ARGUMENT**

    **A.   Defendant has identified the incorrect legal standard in its denial of medical benefits/plan interpretation by fiduciary operating under conflict of interest**

This Court has stated:

> The Eleventh Circuit has held that a heightened arbitrary-and-capricious standard of review applies to the plan administrator's interpretation of the plan where the plan affords the administrator discretion and the administrator has a conflict of interest. *See* 898 F.2d at 1566-67. "[A] fiduciary operating under a conflict of interest may be entitled to review by the arbitrary and capricious standard for its discretionary decisions as provided in the ERISA plan documents, but the degree of deference actually exercised in application of the standard will be significantly diminished." Id. at 1568. The Brown court reasoned that, "when an insurance company serves as ERISA fiduciary to a plan composed solely of a policy or contract issued by that company, it is exercising discretion over a situation for which it incurs 'direct, immediate expense as a result of benefit determinations favorable to plan participants.'" Id. at 1561 (quoting De Nobel v. Vitro Corp., 885 F.2d 1180, 1191 (4th Cir. 1989)).
> The Eleventh Circuit applies a burden-shifting analysis under the heightened arbitrary-and-capricious standard applicable to the plan administrator's interpretation of a

6

> plan. *See* Brown, 898 F.2d at 1566-67; Sahlie v. Nolen, 984 F. Supp. 1389, 1400 (M.D. Ala. 1997) (Thompson, C.J.). Under this approach, the court first must determine whether the interpretation of the plan proffered by the claimant is reasonable. *See* Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue Shield of Ala., 41 F.3d 1476, 1481 (11th Cir. 1995), cert. denied, 514 U.S. 1128, 115 S. Ct. 2002, 131 L. Ed. 2d 1003 (1995); Sahlie, 984 F. Supp. at 1400-01. If it determines that the claimant's interpretation is reasonable, the court applies the principle of contra proferentem, n84 construing ambiguities in the facts against the plan administrator, to find that the administrator's interpretation of the plan is wrong. *See* Florence Nightingale, 41 F.3d at 1481; Sahlie, 984 F. Supp. at 1401. Next, the court determines whether the plan administrator was arbitrary and capricious in adopting its incorrect interpretation. *See* Sahlie, 984 F. Supp. at 1401. In so doing, the court places the burden upon the administrator to establish that its action was not tainted by self-interest. *See* Florence Nightingale, 41 F.3d at 1481; Sahlie, 984 F. Supp. at 1401. Even a reasonable interpretation will be found arbitrary and capricious unless the administrator can demonstrate that its decision was not motivated by self-interest. *See* Brown, 898 F.2d 1556 at 1566-67; Sahlie, 984 F. Supp. at 1401. Finally, if the administrator does manage to carry this burden, the claimant may still succeed if the administrator's action was arbitrary and capricious by other measures. *See* Brown, 898 F.2d at 1568; Sahlie, 984 F. Supp. at 1401.
> n84 "Contra proferentem" is a term "used in connection with the construction of written documents to the effect that an ambiguous provision is construed most strongly against the person who selected the language." Black's Law Dictionary 327 (6th ed. 1990) (citing United States v. Seckinger, 397 U.S. 203, 216, 90 S. Ct. 880, 887-88, 25 L. Ed. 2d 224 (1970)).

Lake v. UNUM Life Ins. Co. of Amer., 50 F. Supp. 2d 1243 (1999).

Defendant has attached its group health plan as Exhibit "A" to its motion. Section 15 therein provides general information regarding the plan. Under TYPE OF PLAN, it states, "The plan is administered by the plan administrator, which exercises

7

authority (1) to construe all of the terms, provisions, conditions, and limitations of the plan, including, but not limited to, any uncertain terms contained in the plan and (2) to make determinations regarding eligibility for benefits under the plan". See defendant's Exhibit A. Further, Section 14, (B)(6) reads, "The plan administrator has full discretion to interpret the plan and to apply these claim review procedures". As such, the plan vests discretionary authority with the plan administrator.

Further, under FUNDING, the plan states, "Plan benefits are self-insured. *Based upon its determination of the amounts necessary to timely pay benefits and expenses, Skilstaf, Inc. shall make contributions to the plan*." (emphasis added). See defendant's Exhibit A. The plan does not identify a trust or set-aside fund for payment of benefits. Rather, the plan bases its [self-insured] contributions on an ad-hoc basis. Plaintiff submits that this may only be seen as a conflict of interest as by plan directive the plan must determine funding based upon the volume and amount of claims at any given time. As such, plan determinations must be judicially reviewed within the heightened arbitrary-and-capricious standard of review as identified in Lake above.

### 1. **Defendant incorrectly and egregiously characterized Plaintiff's treatment of Dianna Berry as chiropractic in order to avoid payment for said services**

Initially, plaintiff vehemently disputes defendant's bald contention that defendant denied payment of plaintiff's bills for any reason other than that plaintiff's services were chiropractic in nature. By way of definition, defendant points to administrative record page Skilstaf-00039 in its Motion. Therein, paragraphs 1 and 2 read:

1. Services, expenses or supplies that the plan administrator determines are not medically necessary.

2. Charges in excess of the maximum allowable charge when using PPO and non-PPO providers.

However, defendant indicates that paragraph 2 reads, "rehabilitative-type care that does not result in documented physical improvement". This language does not exists in Skilstaf-00039. Regardless, defendant did not rely on either paragraph 1 or 2 of Skilstaf-00039 in denying benefits under the Plan herein. To the contrary, defendant relied on its entirely incorrect determination that plaintiff's medical treatment was chiropractic in order to avoid payment for plaintiff's radiofrequency surgery treatments to Dianna Berry. By way of introduction, kindly see Exhibit "B" attached hereto and made by reference a part hereof, surgical notes for all dates of service

for treatment rendered by plaintiff to Dianna Berry. Plaintiff defies defendant to maintain its determination that said services were chiropractic in nature.

As seen in plaintiff's Exhibit "C" attached hereto and made by reference a part hereof, by correspondence of July 14, 2005, defendant requested back its payments made to plaintiff, "*It appears that these claims were for services provided by chiropractors*". (emphasis added). See Exhibit "C", attached hereto and made by reference a part hereof, copy of said correspondence.

Plaintiff corrected defendant's false determination by correspondence of July 18, 2005, plaintiff responded, "*At no time did this office bill for chiropractic services.*" See Exhibit "C", attached hereto and made by reference a part hereof, copy of said correspondence. Plaintiff likewise provided defendant an additional opportunity to correct its error by correspondence of plaintiff's counsel of September 6, 2005, wherein plaintiff forwarded documentation in the nature of summary progress reports regarding Dianna Berry's treatment by plaintiff. See Exhibit "C", attached hereto and made by reference a part hereof, copy of said correspondence.

Despite same, defendant's plan administrator compounded the claims adjustor's original error in correspondence of September 26, 2005. Plan administrator Robert C. Johnson forwarded

10

correspondence to plaintiff counsel indicating, "As the Plan already has exceeded the annual limit for ***chiropractors' services*** during 2005 for Ms. Berry, no additional benefits are payable under the Plan for the referenced claims. In addition, no future claims will be covered for any such services administered during 2005." (emphasis added). See Exhibit "C", attached hereto and made by reference a part hereof, copy of said correspondence. As can be seen from the only documentation proferred by defendant in denial of benefits, its reason for non-payment solely involved its entirely incorrect determination that plaintiff's radiofrequency surgical procedures were in fact chiropractic.

    Despite defendant's willful and grossly negligent refusal to accept that plaintiff's treatment was not chiropractic, by correspondence of September 30, 2005, plaintiff's counsel again pointed out that plaintiff does not provide chiropractic services, "Perhaps you should have read the documentation enclosed with our prior correspondence. ***The Pain Center at no point provided Mrs. Berry with chiropractic treatment***. In fact, The Pain Center has never offered said discipline to any patient." (emphasis in original). See Exhibit "C", attached hereto and made by reference a part hereof, copy of said correspondence. Defendant has since utterly failed to acknowledge the obvious error of its determination.

11

As a final consideration, defendant attempts to offer a peer review of treatment rendered by plaintiff to Dianna Berry in order to fortify its denial of benefits.  As should be noted, the reason for defendant's denial of benefits was memorialized on two (2) occasions, Exhibit "C" herein.  Plaintiff was never notified that said peer review was to take place or had taken place, nor afforded any opportunity to respond thereto.  In fact, the argument may certainly be made that defendant hid the fact that said peer review had been conducted in order to utilize same to its advantage for trial purposes only.  This, along with false assertions contained in Mr. Johnson's affidavit, are examples of defendant's abuse of the claims procedures within defendant's Plan.

    **B.**   **Plaintiff on three (3) occasions has in writing requested review of denial of benefits and any further adherence to the administrative process would be fruitless**

Pursuant to ERISA, employers must establish procedures for reviewing employees' claims under their employee benefit plans. 29 U.S.C.A. § 1133 (West 1985 & Supp.1991).  Eleventh Circuit precedent requires employees to exhaust these procedures before filing suit for benefits under ERISA. Mason v. Continental Group, Inc., 763 F.2d 1219, 1227 (11th Cir.1985) (while statute does not contain an express exhaustion requirement, ERISA's legislative history illustrates Congress' intent that courts

apply exhaustion requirement), cert. denied, 474 U.S. 1087, 106 S. Ct. 863, 88 L. Ed. 2d 902 (1986); accord Springer v. Wal-Mart Associates' Group Health Plan, 908 F.2d 897, 899 (11th Cir.1990). Policy considerations supporting the exhaustion requirement include reducing the number of lawsuits under ERISA, providing a non-adversarial method of dispute settlement, providing uniformity of results within a company, and minimizing cost of dispute settlement. *See* 763 F.2d at 1227.
The Eleventh Circuit warned in Curry v. Contract Fabricators, Inc. Profit Sharing Plan, 891 F.2d 842, 846 (11th Cir.1990), that Mason should not be read to require exhaustion of remedies in all cases. Accord Springer, 908 F.2d at 899. Instead an exception should be recognized for pleading impossibility of exhaustion in cases where claims procedures prove futile. 891 F.2d at 846. Byrd v. MacPapers, Inc., 961 F.2d 157 (1992).

While defendant has raised no issue of sufficiency of requests to review, it is clear from the plan that said need merely be in writing. Section 14, (B)(1) reads, "In the event of a denial of your claim in whole or in part, you shall be permitted to review pertinent documents and to submit issues and comments in writing to the plan administrator. You may also make a written request for a full and fair review of the claim denial". See defendant's Exhibit "A".

13

Initially, please see attached hereto and made by reference a part hereof Exhibit "C". As detailed more fully within, plaintiff requested in writing three (3) times that defendant correct its error in denial of benefits. Incredibly to plaintiff, defendant maintained its position that plaintiff provided chiropractic care to Dianna Berry. Presently, plaintiff submits that defendant unreasonably denied payment to plaintiff and any further attempts of plaintiff to engage the administrative appeals process in hope of remedy therein in this matter would be folly.

## IV. CONCLUSION

Lastly, plaintiff attached the affidavit of Kim Rogal-deOliveira in support of its position. In conclusion, for the foregoing reasons and those contained in the affidavit, Plaintiff respectfully requests that this Honorable Court enter the attached Order Denying Defendant's Motion for Summary Judgment.

                         Respectfully submitted,

                         s/Robert E. Cole_____
                         Robert E. Cole, Esquire
                         Attorney for Plaintiff
                         Atty. I.D. No. 73263
                         437 Chestnut Street, Suite 218
                         Philadelphia, PA  19106
                         (215) 922-2050
                         recoleesq6@juno.com

**IN THE UNITED STATED DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

```
ROBERT E. COLE                                  Attorney For Plaintiff
ROBERT E. COLE, P.C.
ATTORNEY I.D. NO. 73263
437 CHESTNUT STREET, SUITE 218
PHILADELPHIA, PA  19106
(215) 922-2050
_____

OWEN J. ROGAL, D.D.S., P.C.          :
d/b/a THE PAIN CENTER

              V.                     :      NO. 3:06cv728-MHT

SKILSTAF, INC.                       :
```

**CERTIFICATE OF SERVICE**

Robert E. Cole, Esquire, attorney for plaintiff, hereby verifies that on the 4th day of June, 2007, he electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing as follows:

> Amelia T. Driscoll, Esquire
> Bradley Arant et al.
> 1819 Fifth Avenue North
> Birmingham, AL  35203-2104

Robert E. Cole, Esquire, attorney for plaintiff, hereby verifies that on the 4th day of June, 2007, he served upon Jeanne L. Bakker, Esquire, attorney for defendant above, a true and correct copy of the foregoing by first class mail, postage prepaid to the following address:

> Montgomery, McCracken et al.
> 123 South Broad Street
> Philadelphia, PA  19109

> s/Robert E. Cole_____
> Robert E. Cole, Esquire
> Attorney for Plaintiff
> Atty. I.D. No. 73263
> 437 Chestnut Street, Suite 218
> Philadelphia, PA  19106
> (215) 922-2050
> recoleesq6@juno.com