**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **OWEN J. ROGAL, D.D.S., P.C.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **3:06-cv-00728-MHT** |
| | ) | |
| **SKILSTAF, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Skilstaf, Inc. ("Skilstaf") hereby submits this reply to Plaintiff's Reply in Opposition to Defendant's Motion for Summary Judgment.[1]  This reply addresses three issues: (1) which standard of review applies in this case; (2) whether Plaintiff exhausted the Skilstaf Group Health Plan's (the "Plan") administrative remedies; and (3) whether Plaintiff's treatment of Dianna Berry ("Mrs. Berry") was covered under the terms of the Plan.

---

[1] For ease of reference, Plaintiff's Reply in Opposition to Defendant Skilstaf, Inc.'s Motion for Summary Judgment will be referred to herein as "Plaintiff's Opposition," Plaintiff's Brief in Opposition to Defendant Skilstaf, Inc.'s Motion for Summary Judgment will be referred to herein as "Plaintiff's Brief," and Defendant's Motion for Summary Judgment will be referred to herein as "Defendant's Motion."

**I.    THERE IS NO CONFLICT OF INTEREST BECAUSE THE PLAN ADMINISTRATOR RESPONSIBLE FOR MAKING DISCRETIONARY DECISIONS DOES NOT PAY CLAIMS UNDER THE PLAN.**

In the Eleventh Circuit, a conflict of interest exists, such that the heightened arbitrary and capricious standard of review applies, where the plan administrator responsible for making discretionary benefits or coverage decisions is also responsible for paying claims under the plan.  See, e.g., Brown v. Blue Cross & Blue Shield of Ala., Inc., 898 F.2d 1556, 1562 (11th Cir. 1990) (noting that a "'conflict of interest [exists] when the fiduciary making a discretionary decision is also the insurance company responsible for paying the claims'") (quoting Jader v. Principal Mut. Life Ins. Co., 723 F. Supp. 1338, 1343 (D. Minn. 1989)).  In its Brief, Plaintiff incorrectly suggests that the heightened arbitrary and capricious standard of review is applicable in this case because "the plan affords the administrator discretion and the administrator has a conflict of interest . . . ." (Plaintiff's Brief at 4 ¶ 3).  Plaintiff's suggestion notwithstanding, the Plan Administrator (Risk Reduction, Inc. ("RRI")) responsible for making discretionary decisions under the Plan is not responsible for funding the Plan.  See Skilstaf-00058, Skilstaf-00060.[2]  Accordingly, and because there is no conflict of interest,

---

[2] Excerpts from the Administrative Record were attached as Exhibits A and B to the Affidavit of Robert Johnson, which was submitted contemporaneously with Skilstaf's Motion for Summary Judgment.  For ease of reference, pages within each respective exhibit will be referred to in this reply brief by their bates-labeled page numbers only, such as "Skilstaf-00125."

the more deferential arbitrary and capricious standard of review is applicable in this case. HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 994 (11th Cir. 2001) ("If no conflict of interest exists, then only arbitrary and capricious review applies and the claims administrator's wrong but reasonable decision will not be found arbitrary and capricious.").

As the Plan's SPD makes clear, RRI is the Plan Administrator; Skilstaf, by contrast, is the Plan Sponsor. Skilstaf-00060. As the Plan Administrator, RRI is vested with full discretionary power to interpret the Plan, to determine all inquiries arising in the Plan's administration, application, and interpretation, and to apply the Plan's claim review procedures. Skilstaf-00058, Skilstaf-00060. Skilstaf, by contrast, is responsible for making "contributions to the plan" based "upon its determination of the amounts necessary to timely pay benefits and expenses . . . ." Skilstaf-00060. Because Skilstaf funds the Plan and RRI, who is responsible for making discretionary decisions under the Plan, does not, there is no conflict of interest and the deferential arbitrary and capricious standard of review applies in this case. HCA Health Services of Georgia, Inc., 240 F.3d at 994; see also Brown, 898 F.2d at 1562.

## II.    PLAINTIFF    HAS    NOT    EXHAUSTED    THE    PLAN'S ADMINISTRATIVE REMEDIES.[3]

Notwithstanding Plaintiff's bald suggestion to the contrary, see Plaintiff's Brief at 4, 12-14, Plaintiff has not exhausted the Plan's administrative remedies. Accordingly, Plaintiff's claims should be dismissed or, alternatively, remanded for further administrative proceedings under the Plan.  See Bickley v. Caremark Rx, Inc., 461 F.3d 1325, 1328 (11th Cir. 2006) ("The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court."); see also Stephenson v. Provident Life & Accident Ins. Co., 1 F. Supp. 2d 1326, 1331-32 (M.D. Ala. 1998) (granting summary judgment in the insurer's favor based on the plaintiff's failure to submit a timely request for review of the insurer's decision to discontinue the plaintiff's disability benefits).

The Plan's SPD makes clear that, where "any factual or material dispute occurs, the dispute shall be resolved in the discretion of [RRI] pursuant to the CLAIMS PROCEDURES of the plan."  Skilstaf-00061.  In the event of a claim denial, the Plan's claim review procedure requires the claimant to "make a written request for a full and fair review of the claim denial . . . ."  Skilstaf-00058.  After a

---

[3] Although Skilstaf did not raise a failure-to-exhaust-based argument in its initial brief, it is well-established that "nothing in the extant authorities, or in the Federal Rules of Civil Procedure, forbids a movant from making supplemental record submissions in a reply brief to rebut specific arguments raised by the non-movant's opposition brief."  Hammons v. Computer Programs & Sys., Inc., No. 05-0613-WS-C, 2006 WL 3627117, at *14 (S.D. Ala. Dec. 12, 2006).  Because Plaintiff raised both exhaustion and futility issues in its Opposition, see Plaintiff's Brief at 4, 12-14, Skilstaf is permitted to address those arguments in this reply brief.  See Hammons, 2006 WL 3627117, at *14.

claimant submits this written appeal, RRI has, depending on the circumstances, sixty (60) to one hundred twenty (120) days to render a "written decision" either affirming or denying its initial denial decision. See id.

Although RRI mistakenly paid Plaintiff's claims as an initial matter, RRI informed Plaintiff on July 14, 2005, that the costs it had incurred when it treated Mrs. Berry were not covered under the Plan. See Skilstaf-00093. On September 6, 2005, Plaintiff's counsel submitted its written "appeal" of RRI's decision "not to pay The Pain Center's medical bills incurred by Dianna Berry" and attached documentation which allegedly "indicat[ed] improvement" in Mrs. Berry's physical condition as a result of Plaintiff's radiofrequency therapy. Skilstaf-00087. Twenty days later, on September 26, 2005, RRI's Robert Johnson informed Plaintiff's counsel that the "additional material that [he had] provided" on September 6, 2005 "contain[ed] insufficient evidence that M[r]s. Berry ha[d] experienced documented physical improvement from [Plaintiff's] treatments." Skilstaf-00094. Moreover, Mr. Johnson instructed Plaintiff's counsel to "let [him] know" if he had "additional information or questions . . . ." Id.

RRI never informed Plaintiff that its decision was final or that Plaintiff had exhausted the Plan's administrative remedies. Nonetheless, and despite the fact that RRI had previously provided Plaintiff's counsel with a copy of the Plan's SPD and had specifically referred Plaintiff's counsel to the "appeals process" outlined

therein, Plaintiff prematurely filed the instant litigation on October 7, 2005 – a mere 31 days after he had "appealed" RRI's initial denial decision.  See Skilstaf-00101 (providing Plaintiff's counsel with a copy of the Plan's SPD), Skilstaf-00204 (informing Plaintiff's counsel that the Plan had "its own appeals process, which is explained in Section 14 of the plan document already provided to you");[4] see also Defendant's Brief, Ex. 3 (Plaintiff's Complaint).

Because the Plan specifically provides RRI with at least sixty days to render a written decision either affirming or denying its initial denial decision, Plaintiff is incorrect that it has exhausted the Plan's administrative remedies.[5]  See Plaintiff's Brief at 4 ¶ 11, 12-14.  Accordingly, Plaintiff's claims should be dismissed or, alternatively, remanded for further administrative proceedings under the Plan.  See Bickley, 461 F.3d at 1328, 1330; Stephenson, 1 F. Supp. 2d at 1331-32.

## III.   RRI CORRECTLY DENIED PLAINTIFF'S CLAIMS.

The Plan's SPD makes absolutely clear that Skilstaf need not cover (1) "[s]ervices, expenses, or supplies that the plan administrator determines are not

---

[4] Skilstaf-00101 and Skilstaf-00204, which were not submitted with Defendant's initial Motion, are attached collectively hereto as Exhibit A.

[5] Similarly unavailing is Plaintiff's conclusory assertion that "[a]ny further attempts . . . to engage the administrative appeal process in hope of remedy therein in this matter would [have] be[en] folly."  Plaintiff's Brief at 14.  See Bickley, 461 F.3d at 1330 ("emphasiz[ing] that the exhaustion requirement reduces the number of frivolous lawsuits under ERISA, minimizes the cost of dispute resolution, enhances the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decisionmaking process, and allows prior fully considered actions by . . . plan trustees to assist courts if the dispute is eventually litigated") (internal citations and quotations omitted); see also id. ("Bare allegations of futility are no substitute for the 'clear and positive' showing of futility required before suspending the exhaustion requirement.") (internal citations and quotations omitted).

medically necessary[,]" or (2) rehabilitative-type care that does not result in "documented continuous physical improvement."   See Skilstaf-00039, Skilstaf-00032–Skilstaf-00033.[6]   Because Plaintiff's treatment of Mrs. Berry was not medically necessary and because Plaintiff failed to present objective evidence documenting that its treatment improved Mrs. Berry's physical condition, RRI correctly determined that Skilstaf need not cover the costs Plaintiff incurred when it treated Mrs. Berry.

In its Opposition, Plaintiff neither challenges nor presents any objective evidence refuting the contention that Plaintiff's treatment of Mrs. Berry was (a) not medically necessary, or (b) failed to improve Mrs. Berry's physical condition.  To the contrary, Plaintiff argues only that "Defendant incorrectly and egregiously characterized Plaintiff's treatment of Dianna Berry as chiropractic in order to avoid payment for said services."  Plaintiff's Brief at 9.  In so arguing, Plaintiff attempts to avoid summary judgment solely by limiting the bases on which Skilstaf may rely in the instant litigation to RRI's characterization of Plaintiff's radiofrequency treatments as chiropractic.

In arguing that Skilstaf should be precluded from relying on any basis for denial that was not expressly asserted in each and every benefits-denial-based

---

[6] Plaintiff's suggestion notwithstanding, see Plaintiff's Brief at 9, the Plan's SPD specifically provides in its "REHABILITATION AND PHYSICAL AND CHIROPRACTIC THERAPY BENEFITS" section that Skilstaf need not cover the cost of rehabilitative-type care if the provision of such care does not result in "documented continuous physical improvement." Skilstaf-00032, Skilstaf-00033.

communication drafted by RRI, Plaintiff attempts to bootstrap a victory on the merits of its Dianna Berry-based claims by denying Skilstaf the opportunity to review said claims under the claims review procedure that is expressly outlined in the Plan's SPD. That is, Plaintiff ingeniously requests the Court to both (1) permit Plaintiff to file a lawsuit before RRI has had adequate opportunity to review Plaintiff's claims, and (2) simultaneously prohibit Skilstaf from relying on any basis for denial that was not asserted during RRI's precipitately abbreviated review.

Plaintiff's attempt to so avoid summary judgment fails for two reasons. First, RRI did, in fact, specifically inform Plaintiff that its denial was based, at least in part, on Plaintiff's failure to document that its radiofrequency therapy had improved Mrs. Berry's physical condition. See, e.g., Skilstaf 00093 (noting, in a July 14, 2005, letter to Plaintiff, that its radiofrequency treatments would be covered only if "there [wa]s 'documented physical improvement' from that treatment"); Skilstaf-00094 (confirming, in a September 26, 2005, letter to Plaintiff's counsel, that the documentation he had submitted to date "contain[ed] insufficient evidence that M[r]s. Berry has experienced documented physical improvement from [Plaintiff's repeated radiofrequency] treatments").

Second, and in any event, the federal judiciary has made clear that the "mere omission of a defense in a letter to a plan beneficiary does not constitute a waiver

of the defense." <u>Loyola Univ. of Chicago v. Humana Ins. Co.</u>, 996 F.2d 895, 901 (7th Cir. 1993); <u>see</u> <u>Farley v. Benefit Trust Life Ins. Co.</u>, 979 F.2d 653, 659 (8th Cir. 1992) (holding that a plan administrator could rely on policy provisions not "specifically referred" to in its "denial of benefits" letters where the plan administrator had not "express[ed] any intention to surrender its right to enforce applicable provisions of the policy other than the ones cited in [its] letters").

Because Plaintiff has not submitted objective evidence or in any other way refuted the contention that Plaintiff's treatment of Mrs. Berry was (a) not medically necessary, or (b) failed to improve Mrs. Berry's physical condition, RRI's decision, which was based on the SPD's plain language and on the opinion of an independent physician that reviewed Mrs. Berry's medical records, was correct. Accordingly, Skilstaf is entitled to judgment in its favor and RRI's decision to deny Plaintiff's claims should be upheld by this Court. <u>See</u> <u>Adams v. Thiokol Corp.</u>, 231 F.3d 837, 843 (11th Cir. 2000) ("If the administrator's interpretation was legally correct, the inquiry ends.").

Even assuming arguendo that Skilstaf may not rely on bases that were not previously asserted in each and every one of RRI's denial of benefits-based communications, Plaintiff's claims should, at the very least, be remanded for further administrative proceedings under the Plan. <u>See, e.g.</u>, <u>Shannon v. Jack Eckerd Corp.</u>, 113 F.3d 208, 210 (11th Cir. 1997) (making clear that, where a

claimant "wish[es] to present additional information that might affect the determination of eligibility for benefits, the proper course [is] . . . to remand to [the plan administrator] for a new determination"); see also Levinson v. Reliance Standard Life Ins. Co., 245 F.3d 1321, 1330 (11th Cir. 2001) (agreeing that, "as a general rule, remand to the plan fiduciary is the appropriate remedy when the plan administrator has not had an opportunity to consider evidence on an issue" and reiterating that only in "unusual" cases is "the general rule of remand . . . neither appropriate nor necessary").  In fact, this very Court has recently recognized that, "[g]enerally, a district court will remand a case to the administrative body if its decision was based upon an evidentiary error.  This is particularly true when the plan administrator has been granted discretion and the review will be deferential." Culp, Inc. v. Cain, 414 F. Supp. 2d 1118, 1125 n.16 (M.D. Ala. 2006) (internal citations omitted).  Such logic is particularly compelling where, as here, Plaintiff has artfully attempted to prevent Skilstaf from relying on any basis for denial not expressly asserted during a claims review procedure that Plaintiff single-handedly cut short.  Accordingly, and even if the Court determines that Skilstaf may not rely on bases that were not previously asserted in each and every one of RRI's denial of benefits-based communications, Plaintiff's claims should, at the very least, be remanded for further administrative proceedings under the Plan.

## IV.   CONCLUSION

For the reasons detailed above and in its opening brief, Skilstaf is entitled to summary judgment in its favor and Plaintiff's claims should be dismissed with prejudice.   Alternatively, Plaintiff's claims should be remanded for further administrative proceedings under the Plan.

Respectfully Submitted,

s/Charles A. Stewart III
_____
Charles A. Stewart III (STE067)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
cstewart@bradleyarant.com

s/Amelia T. Driscoll
_____
Amelia T. Driscoll (DRI016)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
adriscoll@bradleyarant.com

Attorneys for Defendant
Skilstaf, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Robert E. Cole
437 Chestnut Street, Suite 218
Philadelphia, PA  19109

Beth A. Friel
Jeanne L. Bakker
Mongtomery, McCracken, Walker & Rhoads
123 South Broad Street
Philadelphia, PA  19109

and I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:  None.

/s/ Amelia T. Driscoll

# EXHIBIT A



**RRI**
**Risk Reduction, Inc.**
Claims Adjusters and Administrators

*Redacted*

April 19, 2005

Robert E. Cole, P.C.
Ross House Offices
401 South 2nd Street
Suite 301
Philadelphia, PA 19147

Re:    Insured: ███████████

Dear Mr. Cole:

Enclosed you will find a copy of the SkilStaf Group Health Plan.

I refer you to Section 9, on the Medical Benefit Limitations and Exclusions. Item 16 on page 39 excludes "charges for injury or sickness occurring during or arising from your performance of service in a covered business or industry or payable under workers' compensation or an occupational disease act or law."

It is my understanding that the bills in question are the result of an alleged work-related injury or are otherwise subject to workers' compensation law. Please let me know if you have conflicting information.

Sincerely,

Toni Spivey
Assistant Benefits Officer

TS/lh

Enclosure

Skilstaf – 00101



**RRI**
**Risk Reduction, Inc.**
Claims Adjusters and Administrators



June 10, 2005

Mr. Robert E. Cole, P.C.
Ross House Offices
401 South 2nd Street, Suite 301
Philadelphia, PA 19147

Re:     Insured:      ▮▮▮▮▮
        Your Client:   The Pain Center

Dear Mr. Cole:

Thank you for your letter dated May 20 regarding this matter. Please note that the state laws within Pennsylvania are not the controlling authority in this matter. The SkilStaf Health Plan is governed by the Employee Retirement Income Security Act of 1974, as amended (ERISA). Quite apart from the ERISA laws and regulations governing any claim under that Plan, it appears that ▮▮▮▮▮ claim originated as a result of an injury arising from his employment with a Georgia company.

Our review of this matter, including the material that you provided, indicates that the claim is a workers' compensation claim. In fact, the Pain Center apparently understood from the beginning that its treatment of ▮▮▮▮▮ was for a workers' compensation injury. As such, it was incumbent upon the Pain Center, as with any provider in that situation, to ensure that its treatment was authorized by the workers' compensation carrier. I understand from your correspondence that the workers' compensation claims administrator has initially denied the relevant claims. However, it does not appear that ▮▮▮▮▮ or your client has exhausted the administrative or appeals process in that regard. Since workers' compensation claims are excluded from coverage under the SkilStaf Health Plan, as we previously informed you, the Pain Center might opt to continue pursuing whatever appropriate coverage might be available from the workers' compensation carrier. Perhaps a discounted amount might be available, given the unauthorized nature of the treatment and the fact that the Pain Center knew or should have known that its treatment of the workers' compensation injury was not authorized.

Please also note that the SkilStaf Health Plan has its own appeals process, which is explained in Section 14 of the plan document already provided to you.

Sincerely,

*Toni Spivey*

Toni Spivey

Skilstaf – 00204